Haywood v. Ryan.     ·     *85 N. J. L.*

WILLIAM D. HAYWOOD, PROSECUTOR, v. CHARLES H. RYAN AND JAMES F. CARROLL.

Submitted July 3, 1913—Decided November 10, 1913.

1. The mere fact that a person, walking along a public street in a peaceable and quiet manner, is followed by a crowd of people, is not sufficient to justify his conviction of being a disorderly person upon the ground that he obstructed and interfered with persons lawfully upon such street, as provided in section 3 of "An act concerning disorderly persons." *Comp. Stat.*, *p.* 1927.
2. The statute mentioned applies only to such persons as shall by their acts intentionally obstruct or interfere with the movement of persons lawfully on a street, and therefore when the proof is limited to the fact, that a person, while quietly walking on a street, is followed by a crowd, it will not support his conviction of being a disorderly person, under such statute.

On *certiorari.*

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutor, *Hunziker & Randall* and *Henry Marelli.*

For the defendants, *Randal B. Lewis* and *Edward F. Merrey.*

The opinion of the court was delivered by

BERGEN, J.   The prosecutor in this proceeding was convicted in the Recorder's Court of the city of Paterson.   The conviction recites that the court found the defendant guilty

of being a disorderly person within the meaning and intent of section 3 of an act entitled "An act concerning disorderly persons, approved June 14th, 1898" (*Comp. Stat., p.* 1927), "In that the said defendant on the day and year last aforesaid, to wit, at the city of Paterson, in the county of Passaic aforesaid, did obstruct and interfere with persons, to wit, persons unknown, upon Haledon avenue, a public street in the said city of Paterson, who were lawfully in and upon said street; I do therefore adjudge said defendant to be a disorderly person within the intent and meaning of section 3 of the aforesaid act." The judgment of the court was that defendant be committed to the common jail of the county of Passaic for the period of six months. It thus appears that the conviction was based upon the finding that the defendant obstructed and interfered with persons upon a public street of the city of Paterson.

Section 3 of the act above referred to declares that persons who shall loiter or assemble on the streets or public places of any city, being under the influence of intoxicating liquor, or who not being under such influence, shall indulge in or utter loud or indecent language, or shall address or make audible offensive remarks or comment upon any person passing along such streets or public places, or shall obstruct or interfere with any person or persons lawfully being upon such streets or public places, shall be deemed and adjudged to be a disorderly person. This conviction by its terms is restricted to the latter paragraph of the section, and therefore to sustain this conviction there must be some evidence that this defendant did obstruct or interfere with persons lawfully upon a public street.

A very careful examination of the evidence in this case fails to disclose anything which would justify this conviction. The first witness called was Charles H. Ryan, a member of the police force of the city of Paterson, who testified that on the day in question he saw a large crowd of people on Haledon avenue, and that he heard "yelling and hollering and saw people coming out on their porches and on the streets and threw open their windows;" that the defendant was

leading the crowd on the street, which was so large that people coming from the opposite direction had to go in the street in order to get by. On cross-examination he said that the crowd was marching on the sidewalk in order, six or seven abreast, and that the defendant was leading the crowd when he arrested him. Another witness, James Cassidy, a police officer, testified that he saw a large crowd going up the avenue, yelling, and that the sergeant instructed the witness and other officers to disperse the crowd, when the defendant was arrested; that at this time he was in front of the crowd. Several other policemen were called, but their testimony was substantially the same as that given by the other officers. All that the evidence shows is that this defendant was walking on the sidewalk of one of the streets of Paterson, and that following him was a large crowd, marching on the sidewalk five or six abreast. There is not a particle of testimony showing that this defendant obstructed or interfered with any person or persons; on the contrary all that appears is that he was proceeding along the sidewalk of a public highway, without obstructing or interfering with any person beyond the extent to which he occupied the sidewalk. Why the crowd followed him is not made to appear, and the mere fact that he or any number of persons were walking upon the sidewalk, no other fact appearing, would not render him liable to the charge of obstructing or interfering with persons on the street. The presence of a large crowd on a public street may be accounted for in many ways, but if it can be said that whenever a person who is walking along a public highway, quietly and peaceably, shall be followed by a crowd, that he may be adjudged to be a disorderly person upon the ground that he is obstructing or interfering with other persons upon such street, then almost every person having something more than a local reputation sufficient to arouse the curiosity of the public, would be liable to be apprehended as a disorderly person.

No such construction has ever been given to this law and, in my judgment, never should, for it is intended to apply only to such as shall, by their acts, intentionally obstruct or

interfere with the movement of persons lawfully on the street. This conviction has not the slightest evidence to support the judgment that this defendant was at the time complained of a disorderly person.

The conviction will therefore be set aside.